UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, <br><br>*Plaintiff*, <br><br>v. <br><br>NVIDIA Corporation, <br><br>*Defendant*. | Civ. Action No. 2:15-cv-00998-JRG-RSP (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| DISPLAY TECHNOLOGIES, LLC, <br><br>*Plaintiff*, <br><br>v. <br><br>SAMSUNG ELECTRONICS AMERICA, INC., <br><br>*Defendant*. | Civ. Action No. 2:15-cv-01000-JRG-RSP (Consolidated with Lead Case for Pretrial Purposes) <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S,
ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT, AND COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Samsung Electronics America, Inc. ("Samsung"), through its counsel, hereby responds to the Amended Complaint For Patent Infringement ("Complaint"; D.I. 9 in 2:15-cv-01000) of Plaintiff and Counterclaim-Defendant Display Technologies, LLC ("Display Technologies") as follows:

**PARTIES**

1. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2. Samsung admits that it is a company organized under the laws of New York and that it has a place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660. Samsung admits that it may be served through CT Corporation System, 111 Eighth Avenue, New York, New York 10011. Samsung denies any remaining allegations in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Samsung admits that the Complaint purports to allege an action arising under the patent laws of the United States, and that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States. Samsung denies the merits of Display Technologies' claims against Samsung and denies any remaining allegations of paragraph 3 of the Complaint.

4. Samsung admits that the Complaint purports that venue is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400(b), but states that for the convenience of the parties and witnesses, and in the interest of justice, transfer of this case to another district may be appropriate pursuant to 28 U.S.C. § 1404(a). Samsung denies the merits of Display Technologies' claims against Samsung and specifically denies that it has committed and/or induced any acts of patent infringement as alleged by Display Technologies. Samsung denies any remaining allegations of paragraph 4 of the Complaint.

5. Samsung admits that the Complaint purports that this Court has personal jurisdiction over Defendant. Samsung denies the merits of Display Technologies' claims against Samsung and specifically denies that it has committed any acts of patent infringement as alleged by Display Technologies. Samsung denies any remaining allegations of paragraph 5 of the Complaint.

**U.S. PATENT NO. 8,671,195**

6. Samsung admits that U.S. Patent No. 8,671,195 ("'195 patent") is entitled "Digital Media Communication Protocol" and that the '195 patent issued on March 11, 2014. Samsung admits that a copy of the '195 patent is attached to the Complaint as Exhibit A. Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 6 of the Complaint and, therefore, denies them.

7. Samsung admits that on the face of the '195 patent the listed inventor is Leigh Rothschild.  Samsung is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 7 of the Complaint and, therefore, denies them.

8. Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies them.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 8,671,195**

9. Samsung denies the allegations of paragraph 9 of the Complaint and specifically denies that it has committed any acts of patent infringement.

10. Samsung denies the allegations in paragraph 10 of the Complaint and specifically denies that Samsung Link falls within the scope of any valid claims of the '195 patent.

11. Samsung denies the allegations in paragraph 11 of the Complaint and specifically denies that it has committed any acts of patent infringement.

12. Samsung denies the allegations in paragraph 12 of the Complaint and specifically denies that it has committed any acts of patent infringement.

## PRAYER FOR RELIEF

Samsung denies that Display Technologies is entitled to any of the relief sought in its Prayer For Relief against Samsung. Display Technologies' prayer should, therefore, be denied in its entirety and with prejudice. Samsung asks that judgment be entered for Samsung and that this action be found to be an exceptional case under 35 U.S.C. § 285 entitling Samsung to an award of its attorneys' fees in defending against Display Technologies' Complaint, together with such other and further relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

The Complaint does not contain any allegations to admit or deny with respect to Display Technologies' request for a trial by jury of any issues so triable by right. Samsung demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Samsung alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, Samsung specifically reserves all rights to allege additional defenses, affirmative or otherwise, that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM

The Complaint fails to state a claim upon which relief can be granted because, *inter alia*, the '195 patent is not directed to patent-eligible subject matter and/or the Complaint fails to assert a cognizable claim for inducement of infringement of the '195 patent.

## SECOND AFFIRMATIVE DEFENSE
## NON-INFRINGEMENT

Samsung does not infringe and has not infringed (whether directly or indirectly) literally or under the doctrine of equivalents any valid claim of the '195 patent.

## THIRD AFFIRMATIVE DEFENSE
## INVALIDITY

The claims of the '195 patent are invalid under 35 U.S.C. § 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
## BAR TO DAMAGES

Display Technologies' claims for damages are barred, in whole or in part, under 35 U.S.C. §§ 287 and/or 288.

## FIFTH AFFIRMATIVE DEFENSE
## LICENSE

Display Technologies' claims for patent infringement are barred, in whole or in part, to the extent that any allegedly infringing products or components thereof are made, used, sold, offered for sale or imported into the United States pursuant to a license to the '195 patent.

## SIXTH AFFIRMATIVE DEFENSE
## NO INJUNCTIVE RELIEF

Display Technologies is not entitled to any injunctive relief because, at a minimum, any injury to Display Technologies is neither immediate nor irreparable, and Display Technologies has an adequate remedy at law.

## RESERVATION OF DEFENSES

Samsung reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c), the patent laws, and any other defenses available at law or in equity that now exist or in the future may be available based on discovery or any other factual investigation concerning this action.

## COUNTERCLAIMS

Samsung, through its counsel, asserts the following counterclaims against Counterclaim-Defendant Display Technologies, LLC ("Display Technologies"):

## THE PARTIES

1.	Samsung Electronics America, Inc. ("Samsung") is a New York corporation with a place of business in Ridgefield Park, New Jersey.

2.	Upon information and belief, Display Technologies is a Texas limited liability company with its principal place of business at 1400 Preston Road, Ste. 400, Plano, TX 75093. Display Technologies purports to be the owner by assignment of U.S. Patent No. 8,671,195 ("'195 patent").

## JURISDICTION AND VENUE

3.	This is a claim for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 8,671,195 ("'195 patent").

4.	This Court has jurisdiction over Samsung's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201 and 2202, and subject matter jurisdiction over patent infringement and validity pursuant to 28 U.S.C. §§ 1331, 1367, and 1338(a). An actual, substantial, and continuing justiciable controversy exists between Samsung and Display Technologies based on Display Technologies having filed an Amended Complaint for Patent Infringement ("Complaint") against Samsung alleging infringement of the '195 patent, with respect to which Samsung requires a declaration of its rights by this Court. Specifically, the controversy concerns the invalidity and non-infringement of the '195 patent and the right of Display Technologies to maintain suit for alleged infringement of the '195 patent.

5. The Court has personal jurisdiction over Display Technologies because, *inter alia*, Display Technologies has submitted to the personal jurisdiction of this Court by bringing the present action.

6. Venue is proper in this Court only to the extent it is proper for Display Technologies' claims against Samsung. Samsung, however, believes that, for the convenience of the parties and witnesses, and in the interest of justice, transfer of this case (including Display Technologies' claims and Samsung's counterclaims) to another district may be appropriate pursuant to 28 U.S.C. § 1404(a).

## COUNT I
## DECLARATION OF NON-INFRINGEMENT OF THE '195 PATENT

7. Samsung restates and incorporates by reference each and every allegation contained in paragraphs 1-6 above as if fully set forth herein.

8. Samsung does not infringe and has not infringed (whether directly or indirectly) literally or under the doctrine of equivalents any valid claim of the '195 patent.

9. An actual controversy exists between Samsung and Display Technologies based on Display Technologies having filed its Complaint against Samsung alleging infringement of the '195 patent.

10. Samsung has been injured and damaged by Display Technologies filing its Complaint asserting a patent that Samsung does not infringe.

11. Samsung therefore seeks a declaration that it does not infringe and has not infringed (whether directly or indirectly) literally or under the doctrine of equivalents any valid claim of the '195 patent.

12. This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with the present action pursuant to 35 U.S.C. § 285.

## COUNT II
## DECLARATION OF INVALIDITY OF THE '195 PATENT

13. Samsung restates and incorporates by reference each and every allegation contained in paragraphs 1-6 above as if fully set forth herein.

14. The claims of the '195 patent are invalid under 35 U.S.C. § 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

15. An actual controversy exists between Samsung and Display Technologies based on Display Technologies having filed its Complaint against Samsung alleging infringement of the '195 patent.

16. Samsung has been injured and damaged by Display Technologies filing its Complaint asserting an invalid patent.

17. Samsung therefore seeks a declaration that the '195 patent is invalid for failing to comply with one or more of the requirements set forth in 35 U.S.C. § 101 *et seq.*, including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. This is an exceptional case entitling Samsung to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## DEMAND FOR A JURY TRIAL

19. Samsung demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Samsung respectfully requests that this Court enter:

20. A judgment in favor of Samsung denying Display Technologies all relief requested in its Complaint in the present action and dismissing Display Technologies' Complaint for patent infringement with prejudice;

21. A judgment in favor of Samsung on all of its Counterclaims;

22. A declaration that Samsung has not infringed and does not infringe any valid claim of the '195 patent;

23. A declaration that the '195 patent is invalid;

24. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Samsung of its reasonable costs and expenses of litigation including, but not limited to, attorneys' fees and expert witness fees; and

25. Such other and further relief as this Court deems just and proper.

September 1, 2015

Respectfully submitted,

*/s/ Ali R. Sharifahmadian*
Matthew M. Wolf
(District of Columbia Bar No. 454323)
matthew.wolf@aporter.com
Ali R. Sharifahmadian
(District of Columbia Bar No. 480876)
ali.sharifahmadian@aporter.com
Jin-Suk Park
(District of Columbia Bar No. 484378)
jin.park@aporter.com
**Arnold & Porter LLP**
555 12th Street, NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

Maxwell Preston
(New York State Bar No. 4806162)
maxwell.preston@aporter.com
**Arnold & Porter LLP**
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

*Counsel for Defendant and Counterclaim-Plaintiff Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(a)(3) on September 1, 2015.

                                                            */s/ Ali R. Sharifahmadian*
                                                            Ali R. Sharifahmadian