**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DISPLAY TECHNOLOGIES, LLC, | § § § | |
| v. | § § | Case No. 2:15-cv-998-JRG-RSP<br>LEAD CASE |
| NVIDIA CORPORATION, *et al.* | § § § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.** **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

    (a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.
>
> **P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

                    amend only those claim elements identified as software limitations by the party claiming patent infringement.

    (b)    begin to produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

    (c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

**4. Protective Orders.** The Court will enter the parties' Agreed Protective Order.

**5. Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

    (a)    **Interrogatories.** Each side will be permitted to propound 10 common interrogatories. As used herein, "side" means a party or a group of parties with a common interest. Additionally, each Defendant can propound up to 15 additional individual interrogatories, and Plaintiff can propound up to 15 additional individual interrogatories per Defendant. For purposes of this Discovery Order, "Defendant" means each party sued by Plaintiff; however, to the extent that two or more parties are related companies, each group of related companies shall be considered a single Defendant.

(b) **Requests for Admission**.  Each side will be permitted to propound up to 25 common requests for admission, except that requests for admission directed to admissibility issues are treated separately as discussed below.  Additionally, each Defendant can propound up to 25 additional individual requests for admission, and Plaintiff can propound up to 25 additional individual requests for admission per Defendant.  Each side will be permitted to serve additional requests for admission for the sole purpose of determining admissibility for up to 100 documents; however, the parties agree to work together in good faith to agree on a stipulation as to the authenticity of their own documents as a precondition to serving requests for admissions as to authentication on the other party. The serving party will be able to serve said requests for admissions on the admissibility of documents after both parties have met and conferred without reaching an agreement as to the authentication and/or admissibility of documents or evidence.

(c) **Expert Depositions**.

(1)   Plaintiff may take up to seven (7) hours of deposition testimony of each testifying expert identified by Defendants for each report on a separate subject (e.g., if an expert opines on non-infringement and invalidity, fourteen (14) hours of deposition testimony would be permitted). In addition to the seven (7) hours of deposition testimony for each report on a separate subject, if any expert is providing testimony on non-common issues (e.g., damages or non-infringement) on behalf of more than one Defendant, Plaintiff may take an additional four (4) hours of deposition testimony for each additional Defendant for which that expert is providing testimony (e.g., if one expert provides separate damages testimony on

behalf of two Defendants, eleven (11) hours of deposition testimony would be permitted), not to exceed fourteen (14) hours regardless of the number of Defendants addressed, and in no event shall Plaintiff depose such expert concerning the alleged activities of any one particular Defendant addressed in such report or disclosure for more than seven (7) hours.

(2)     Each Defendant may each take up to seven (7) hours of deposition testimony of each testifying expert identified by the Plaintiff for each report on a separate subject provided to that Defendant (e.g., if an expert opines on infringement and validity, fourteen (14) hours of deposition testimony would be permitted), subject to the further limits set forth below. If any expert provides a report on a given subject to more than one Defendant, with respect to that subject Defendants collectively are entitled to share: seven hours of deposition testimony for the first Defendant, plus an additional four (4) hours of deposition testimony for each additional Defendant for which that expert is providing testimony (e.g., if one expert provides separate damages testimony related to two Defendants, eleven (11) hours of deposition testimony would be permitted), not to exceed fourteen (14) hours regardless of the number of Defendants addressed.

(3)     Plaintiff agrees to meet and confer in good faith should Defendants request additional time to take expert depositions and Defendants also agree to meet and confer in good faith should the Plaintiff request additional time to take expert depositions.

(d)     **Fact Depositions.**

(1)     Plaintiff will have 14 hours of 30(b)(6) deposition time for each Defendant and 21 hours of 30(b)(1) deposition time for each Defendant.  Defendants will have 28 total common hours of deposition time of the Plaintiff (including 30(b)(6) depositions and 30(b)(1) depositions of party employees).  Each Defendant will have an additional 21 hours of deposition time of the Plaintiff (including 30(b)(6) deposition and 30(b)(1) depositions of party employees).   Current or former employees of a party or an entity more than fifty percent (50%) of whose voting securities or similar interests are owned or controlled by a party or under common control with a party are subject to the above limitations.  Unless otherwise agreed, depositions of defendants and their current or former employees shall take place in or near the deponent's city of residence and at a mutually agreeable time for the parties.

(2)     Pursuant to Rule 30(a)(1), Defendants, whether individually or collectively, may depose the named inventor of the patent-in-suit, and each attorney of record for the prosecution of the patent-in-suit, in their individual capacities for up to seven (7) hours per witness and this time shall not count against Defendants' total number of allotted hours for common or individual 30(b)(1) depositions stated above.

(3)     Plaintiff will have 40 additional hours of deposition time for third party fact witnesses not referred to above; and Defendants will have 60 additional hours of deposition time for third party fact witnesses not referred to above.

(4)     Any party may elicit Rule 30(b)(1) testimony from a witness designated as a Rule 30(b)(6) witness during any deposition taken pursuant to Rule 30(b)(6), to

the extent that the record clearly indicates that any such questions and answers are being provided in the witness' individual capacity. Similarly, in order to ensure a clear record, and notwithstanding the limitations on deposition objections contained in Local Rule CV-30, counsel representing a witness designated as a 30(b)(6) witness may object to questions eliciting Rule 30(b)(1) testimony as "Objection, outside the scope of the Rule 30(b)(6) topics for which the witness was designated" or a similar objection.

(e) **Production Of Materials Obtained Via Third-Party Subpoena.** A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within five (5) business days. Where reproduction of documents within five (5) business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

6. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege

shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**
    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service

of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings**. Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery:**

(a) **Service.** The parties agree that service of discovery requests and responses may be made by email. Discovery responses served via email at any time on a given day are effective that day (i.e., before midnight, central time). For the avoidance of

doubt, Local Rule CV-6(a) (adding 3 days for purposes of computing time to act within a specified time after service) applies to documents served by e-mail.

(b) **Privilege Logs.** No party shall be required to (i) log any privileged documents and/or communications created on or after the date this lawsuit was commenced, or (ii) any documents or information withheld as privileged or protected that are only between or among counsel within the same firm or among outside counsel and local counsel.

(c) **Limitations of Expert Discovery**. Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report. Nontestifying consulting experts shall not be subject to discovery.

(d) The parties agree that it will be just and practicable to apply to this case the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 ("the Amendments"). Subject to the Amendments, the parties agree to work out a mutually agreeable scope of discovery in this case, and will attempt to delineate a mutually agreeable scope concerning relevant evidence (at the bare minimum, each side will specifically delineate, prior to any production deadline, that which they

        believe to be relevant so that impasses, if any, can be mutually agreeably resolved or brought to the Court's attention for ruling), electronically stored information, and other issues.

    (e)    **ESI.**  Before the parties engage in email discovery or requests for electronically stored information ("ESI"), the parties shall meet-and-confer and submit an agreed ESI order to be entered by the Court.

**IT IS SO ORDERED.**

**SIGNED this 16th day of October, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE