**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, | |
| Plaintiff, | Civil Action No. 2:15-CV-998-JRG-RSP |
| v. | **LEAD CASE** |
| NVIDIA CORPORATION, | |
| VALVE CORPORATION, | Civil Action No. 2:15-cv-999-JRG-RSP |
| Defendants. | |

**VALVE CORPORATION'S ANSWER TO DISPLAY TECHNOLOGIES, LLC'S
AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendant Valve Corporation ("Valve") by and through its attorneys, answer the Amended Complaint for Patent Infringement ("Complaint") of Plaintiff Display Technologies, LLC ("Plaintiff" or "Display") as follows. For convenience, Valve uses the same headings used in Display's Complaint.

**PARTIES**

1.      Valve lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, denies the same.

2.      Valve admits that it is a corporation organized and existing under the laws of the State of Washington with a principal place of business located at 10900 NE 4th St., Ste. 500, Bellevue, WA 98004. Defendant can be served via its registered agent for service of process: Corpserve Inc., 1001 4th Ave., Ste. 4500, Seattle, WA 98154.

**JURISDICTION AND VENUE**

3.      Valve admits that the Complaint purports to be an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Valve

further admits that this Court has subject matter jurisdiction over meritorious actions for patent infringement generally pursuant to 28 U.S.C. §§ 1331 and 1338(a). Valve denies, however, that the Complaint sets forth a valid or meritorious claim for patent infringement.

4.      Valve does not dispute, for the purposes of this action only, that venue is proper in this judicial district, but Valve denies that this judicial district is the most convenient forum for adjudication of the claims alleged in this action and Valve denies that it has committed acts of patent infringement as alleged, in this district or any other district.

5.      Valve does not dispute, for the purposes of this action only, that this Court has personal jurisdiction over it. Valve admits that it conducts business in the United States and this judicial district. Valve expressly denies, however, that it has committed acts of patent infringement as alleged, in this judicial district or any other district. Valve denies any remaining allegations in Paragraph 5.

## U.S. PATENT NO. 8,671,195

6.      Valve admits that U.S. Patent No. 8,671,195, on its face, is entitled "Digital Media Communications Protocol." Valve admits that the '195 Patent, on its face, lists an issue date of March 11, 2014. Valve admits that Exhibit A appears to be a copy of the '195 Patent. Valve lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and, therefore, denies the same.

7.      Valve admits that Leigh Rothschild is listed as the inventor on the '195 Patent; however, to the extent Display Technologies asserts or implies such, Valve lacks information sufficient to form a belief as to whether Mr. Rothschild is the sole or correct inventor of the '195 Patent and, therefore, denies the same.

2

8.      Valve lacks information sufficient to form a belief as to whether the allegations set forth in Paragraph 8 are true and, therefore, denies the same.

### COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,671,195

9.      Valve denies the allegations set forth in Paragraph 9.

10.     Valve denies the allegations set forth in Paragraph 10.

11.     Valve denies the allegations set forth in Paragraph 11.

12.     Valve denies the allegations set forth in Paragraph 12.

### PRAYER FOR RELIEF

Paragraphs 1 through 4 of the section entitled "Prayer for Relief" in the Complaint purport to set forth a prayer for relief requested by Display to which no response is required. For the avoidance of doubt, Valve denies that Display is entitled to the relief sought, or to any other relief, against Valve.

### DEMAND FOR JURY TRIAL

Valve admits that Display demands a trial by jury, but denies that Display is entitled to a jury trial for any claims where the law does not provide for such a right, Valve also requests a jury trial for all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

### GENERAL DENIAL

Valve denies each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that is not expressly admitted in this pleading.

### DEFENSES

Incorporating by reference the foregoing paragraphs in their entirely and without assuming any burden properly placed on Display, Valve asserts the following defenses to Display's Complaint.

## FIRST DEFENSE – NO INFRINGEMENT

13.     Valve has not infringed and is not infringing, any valid claim of the '195 patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE – PATENT INVALIDITY

14.     Each claim of the '195 patent is invalid and/or void for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 et seq.

## THIRD DEFENSE – ESTOPPEL AND WAIVER

15.     Display's claims are barred, in whole or in part, by the doctrine of estoppel, laches, unclean hands, disclaimer and/or waiver.

## FOURTH DEFENSE – LIMITATION OF DAMAGES

16.     Display's claims for damages, if any, against Valve for alleged infringement of the '195 patent are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## RESERVATION OF DEFENSES

17.     Valve hereby reserves the right to supplement with additional defenses as discovery proceeds in this matter.

## COUNTERCLAIM FOR DECLARATORY RELIEF

Incorporating by reference the foregoing paragraphs in their entirety, Valve, by its attorneys, asserts the following counterclaims against Display:

## PARTIES

1.      Valve is a Washington corporation, with its principal place of business located at 10900 NE 4th Street, Suite 500, Bellevue, Washington 98004.

2.      Display alleges in Paragraph 1 of its Complaint that it is a Texas limited liability company with a principal place of business at 1400 Preston Road, Ste. 400, Plano, Texas 75093.

## JURISDICTION AND VENUE

3.      This is a claim for declaratory judgment of non-infringement and invalidity of the '195 patent ("Patent-in-suit").    The Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§1331, 1338(a), 2201, and 2202 as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

4.      Display is subject to personal jurisdiction in this district because it purports to reside in this district and filed this action in this district.

5.      Display claims that venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b), but venue is not convenient for Vavle and its witnesses, and Valvereserves the right to seek transfer pursuant to 28 U.S.C. § 1404.  To the extent this action remains in this district, venue is appropriate for Valve's Counterclaims because Display filed this action in this district and Display purports to have a place of business in this district.

## COUNT I – DECLARATION OF NON-INFRINGEMENT

6.      Valve restates its responses and allegations set forth above in Paragraphs 1 through 6 as if separately set forth herein.

7.      Valve counterclaims against Plaintiff pursuant to the patent laws of the United States Title 35 United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.      Display has alleged that Valve has infringed and is currently infringing the Patent-in-suit, and that the Patent-in-suit is valid, enforceable, and was "duly issued."

9.      An actionable and justiciable controversy exists between Valve and Plaintiff by virtue of the allegations of Plaintiff's complaint in this action and Valve's Answer as to the validity and infringement of the '195 patent.

10.      Valve seeks a declaration that Valve has not infringed, and does not infringe, the claims of Patent-in-suit, directly or indirectly, whether literally or under  the doctrine of equivalents.

## COUNT II – DECLARATION OF INVALIDITY

11.      Valve restates its responses and allegations set forth above in Paragraphs 1 through 43 as if separately set forth herein.

12.      Valve counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35, United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13.      Plaintiff has alleged that Valve has infringed and is currently infringing the Patent-in- Suit, and that the Patent-in-Suit is valid, enforceable, and was "duly and lawfully issued."

14.      An actionable and justiciable controversy exists between Valve and Plaintiff by virtue of the allegations of Plaintiff's complaint in this action and Valve's Answer as to the validity of the Patent-in-Suit.

15.      Valve seeks a declaration that the claims of the Patent-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## DEMAND FOR TRIAL BY JURY

Valve demands a trial by jury as to all issues so triable.

6

## **PRAYER FOR RELIEF**

Valve respectfully requests judgment against Plaintiff as follows:

A.  Declaring that Valve does not infringe any valid claim of the Patent-in-suit;

B.  Declaring that the claims of the Patent-in-suit are invalid and/or unenforceable;

C.  Declaring that Valve is not liable for any legal and equitable remedies or relief

sought by Plaintiff, and dismissing the Complaint with prejudice;

D.  Declaring that this is an exceptional case under 35 U.S.C. § 285 and enter a

judgment awarding Valve its costs and reasonable attorneys' fees; and

E.  Awarding Valve whatever further relief the Court may deem just and proper.

Dated:  October 28, 2015

**PILLSBURY WINTHROP SHAW PITTMAN LLP**

/s/ Edward A. Cavazos
Edward A. Cavazos
Texas State Bar No. 00787223
ed.cavazos@pillsburylaw.com
Brian C. Nash
Texas State Bar No. 24051103
brian.nash@pillsburylaw.com
111 Congress Ave., Suite 400
Austin, Texas 78701
Tel:  (512) 375-4908
Fax:  (512) 270-7860

***Counsel for Defendant
Valve Corporation***

# <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 28, 2015.

*/s/ Edward A. Cavazos*
Edward A. Cavazos
