## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| DISPLAY TECHNOLOGIES, LLC, | § § § § § § § | |
| v. | | |
| RICOH AMERICAS CORPORATION | § | 2:15-cv-01631-JRG-RSP |
| C&A IP HOLDINGS, LLC | § | 2:15-cv-01633-JRG-RSP |

### ORDER

All previous Orders of Consolidation in the above-captioned cases are hereby **VACATED**. This Order replaces and supersedes all previous Orders of Consolidation.

The above-captioned cases are hereby **ORDERED** to be **CONSOLIDATED** for all pretrial issues (except venue) with the LEAD CASE, Cause No. 2:15-cv-01631. All parties are instructed to file any future filings (except relating to venue) in the LEAD CASE. Individual cases remain active for venue determinations and trial. The Court will enter one docket control order, one protective order, and one discovery order that will govern the entire consolidated case.

The local rules' page limitations for *Markman* briefs and other motions will apply to the consolidated case. To further promote judicial economy and to conserve the parties' resources, the Court encourages the parties to file a notice with the Court in the event that there are other related cases currently pending on the Court's docket that may also be appropriate for consolidation with this case.

The Clerk is instructed to add the consolidated defendants into the Lead Case and their corresponding Lead and Local Counsel only. Additional counsel may file a Notice of Appearance in the Lead Case if they wish to continue as counsel of record in the lead consolidated action. Counsel who has appeared *pro hac vice* in any member case may file a

Notice of Appearance in the Lead Case without filing an additional application to appear *pro hac vice* in the Lead Case.

This consolidated case is hereby set for a scheduling conference in Marshall, Texas on February 22, 2016 at 1:30 p.m. before the Honorable Rodney Gilstrap and the Honorable Roy Payne. The purpose of the scheduling conference will be to assign a claim construction hearing date and a trial setting. The parties shall be prepared to inform the Court whether they will consent to trial before the Magistrate Judge.

The parties shall prepare and submit a proposed docket control order, a proposed discovery order and a proposed protective order, within the time periods contained in the schedule set forth hereinafter.[1] These orders shall be guided by the sample docket control, discovery, and protective orders for patent cases, which can be found on the Court's website. The sample orders include provisions that require input from the parties. If the parties are unable to reach agreement on these provisions, then the parties shall submit to the Court their competing proposals along with a summary of their disagreements in a single joint submission.

The sample orders include provisions that are mandatory and are not subject to change without showing good cause. Good cause shall not be considered to be met simply by an indication of the parties' agreement. Should either party believe good cause can be shown to alter an otherwise mandatory provision, then such party shall file a separate motion to alter the provision after the parties have filed the proposed docket control and discovery orders with the mandatory provisions intact as previously required above.

Furthermore, it is hereby **ORDERED** that the following schedule of deadlines is in effect

---

[1] Timely submission of the parties' proposed docket control order, proposed discovery order and proposed protective order will be viewed by the Court as complying with the conference requirement of Rule 26(f).

until further order of this Court:

| | |
|---|---|
| 6 Weeks After Scheduling Conference | Comply with P.R. 3-3 & 3-4 (Invalidity Contentions) |
| 3 Weeks After Scheduling Conference | File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures) <br><br> The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| 2 Weeks After Scheduling Conference | File Proposed Docket Control Order and Proposed Discovery Order <br><br> The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| 1 Week After Scheduling Conference | Join Additional Parties |
| 3 Days After Scheduling Conference | File Notice of Mediator |
| 2 Weeks Before Scheduling Conference | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |

**SIGNED this 18th day of February, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE